UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 3:17-CR-30101-RAL |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO |
| CHRISTOPHER LAMONT BRADSHAW, | RECONSIDER DENIAL OF CONTINUANCE |
| Defendant. | |

Yesterday this Court entered an Opinion and Order Denying Motion to Continue, Doc. 144, giving two general reasons for denying the eleventh-hour Defendant's motion to continue the jury trial set to begin next Monday. First, the motion to continue was filed not by Defendant's CJA panel court-appointed attorney of record but by an attorney hired by Defendant's family who earlier in the week filed a Notice of Appearance. Second, there was no good cause, let alone a compelling reason, for continuing the jury trial. The Opinion and Order recounted the procedural history of the case, including that Defendant had been granted three prior continuances and that it was Defendant's insistence on a trial next week that prompted this Court to postpone sentencing hearings and other trials.

Last evening, Defendant's court-appointed attorney of record filed Defendant's Motion to Reconsider and/or in the Alternative Motion to Continue. Doc. 146. That motion to reconsider explains that at 8:07 p.m. last night, Defendant made known to his attorney of record for the first time that he indeed wanted a continuance of the trial set to begin next Monday. Doc. 146. Defendant's attorney of record explains in the motion to reconsider and in another pleading that the government only recently disclosed grand jury testimony and information on disciplinary proceedings (unrelated

to the investigation of Defendant or his case) against an officer who is a witness in the case, as well as having been tardy with turning over additional discovery. Docs. 145-46.

The first reason given in the Opinion and Order filed yesterday does not apply to consideration of this motion to reconsider. However, this motion to reconsider fails to establish "a compelling reason" or good cause to continue the trial. See United States v. Howard, 540 F.3d 905, 907 (8th Cir. 2008); United States v. Swinney, 970 F.2d 494, 498–99 (8th Cir. 1992). The disclosure of the grand jury transcript and information about the disciplinary action against an officer do not appear to be late, at least not so late as to cause prejudice to the defendant. The other disclosures referenced in the motion appear to be tardy, but may be duplicative of prior discovery, may be irrelevant or harmless, and—if neither duplicative nor harmless—may be subject to exclusion from evidence. See United States v. Sims, 776 F.3d 583, 586 (8th Cir. 2015); United States v. Davis, 244 F.3d 666, 672 (8th Cir. 2001). However, speculation about what is contained in the late supplement of discovery materials does not justify a continuance or reconsideration of the denial yesterday of the motion for continuance.

DATED this 14th day of September, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE