UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>(2) CHRISTOPHER LAMONT BRADSHAW,<br><br>Defendant. | 3:17-CR-30101-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Defendant Christopher Lamont Bradshaw filed a pro se motion for compassionate release. Doc. 241. Pursuant to the procedure established by Amended Standing Order 20-06, his case was categorized as Low Priority, Doc. 242, and the Federal Public Defenders for the Districts of South Dakota and North Dakota chose not to supplement Bradshaw's motion. The Government opposes the motion. Doc. 244. Because he failed to exhaust his remedies before filing this motion, this Court denies Bradshaw's motion for compassionate release.

I.  **Factual Background**

On September 20, 2018, after a jury trial, Bradshaw was found guilty of Conspiracy to Distribute a Controlled Substance and Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Doc. 189. On December 10, 2018, the undersigned judge sentenced Bradshaw to 120 months imprisonment and eight years of supervised release on each count, to run concurrently, and to pay $100 in a special assessment.

Docs. 210, 212. Bradshaw makes no mention of any attempt to exhaust his administrative remedies in his motion. See Doc. 241.

Bradshaw's conviction stemmed from a conspiracy to distribute methamphetamine on the Rosebud Indian Reservation between March and mid-August 2017. Doc. 206 ¶ 7. Bradshaw was found guilty of conduct, commencing on March 1, 2017, when he knowingly and intentionally, combined, conspired, confederated, and agreed with persons to distribute and possess with the intent to distribute 50 grams of methamphetamine. Id. ¶¶ 3, 6. Bradshaw was also found guilty of knowingly and intentionally possessing with the intent to distribute 50 grams of methamphetamine on April 27, 2017. Id. ¶¶ 3, 6, 10–11. The interviews conducted as part of the presentence investigation report indicate that Bradshaw conspired to distribute at least 200 grams, but less than 350 grams, of methamphetamine. Id. ¶ 13.

Under the sentencing guidelines, Bradshaw's total offense level for conspiracy to distribute a controlled substance was 26, and he fell into criminal history category III due to past convictions for drug related crimes and driving under the influence. Id. at ¶¶ 31–40, 58. Bradshaw's advisory guideline range was 78 months to 97 months; however, Bradshaw faced a mandatory minimum sentence of 120 months. Id. at ¶ 58. This Court sentenced Bradshaw to the lowest sentence it could—the mandatory minimum 120 months imprisonment. Id.; Doc. 212.

Bradshaw is currently incarcerated at the Forrest City Medium Federal Correctional Institution in Forrest City, Arkansas. Inmate Locator, Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last visited April 3, 2023) (Register Number: 86265-408). Bradshaw is projected to be released December 10, 2026. Id. Currently, Bradshaw is 31 years old. Id.

Bradshaw filed a motion for compassionate release arguing that the expungement of an old drug conviction constitutes extraordinary and compelling circumstances warranting a reduction in his sentence. Doc. 241. Bradshaw makes no mention of his health status or circumstances related to his family's wellbeing. Id.

## II. Discussion

In general, federal sentences are considered final judgments because a federal court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C.A. § 3582(c); United States v. Hodgin, No. 4:15-CR-40110-02-KES, 2021 WL 928179, at *1 (D.S.D. Mar. 11, 2021). However, in 2018, Congress passed the First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions directly with the court seeking compassionate release once they have exhausted their administrative remedies. United States v. Rodd, 966 F.3d 740, 744 (8th Cir. 2020). "Exhaustion occurs at the earlier of either (1) when the prisoner has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the prisoner's facility." United States v. Houck, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (cleaned up and citations omitted). Full exhaustion is required before the motion can be filed. Id. at 1083.

Nothing in the record shows that Bradshaw exhausted his administrative remedies or submitted such a request to the warden of his facility. Docs. 241–44. Because exhaustion is required before a motion for compassionate release under the FSA can be filed, see Houck, 2 F.4th at 1083, Bradshaw's motion must be denied.

## III. Conclusion

For the reasons discussed above, it is hereby

ORDERED that Bradshaw's Motion for Compassionate Release, Doc. 241, is denied.

DATED this 5th day of April, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE