UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER LAMONT BRADSHAW,<br><br>Defendant. | 3:17-CR-30101-RAL<br><br><br>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCING REDUCTION |

Defendant Christopher Lamont Bradshaw was convicted following a jury trial in September 2018 of one count of conspiring to distribute 50 grams or more of a mixture containing methamphetamine, and one count of possessing with intent to distribute 50 grams or more of a mixture containing methamphetamine. Doc. 189. Bradshaw's convictions on those offenses triggered a mandatory minimum 10-year sentence under 21 U.S.C. § 841(b)(1)(B). This Court sentenced Bradshaw in December 2018 to 120 months' imprisonment on each count, to run concurrently. Doc. 212. He is serving his sentence at Forrest City Low FCI, with a projected release date of December 10, 2025. See www.bop.gov/inmateloc. Bradshaw filed a pro se motion for sentence reduction asserting that he is a zero-point offender. Doc. 250.

Bradshaw's guidelines range, based on a total offense level of 26 and a Criminal History Category of III, was 78–97 months. But 21 U.S.C. § 841(b)(1)(B) mandated a term of imprisonment that was 120 months. He received two criminal history points for a 2010 felony conviction for marijuana, and two additional points for a 2014 attempted production of marijuana

1

conviction. His presentence report also indicated several additional arrests, including two pending charges for driving under the influence.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission, effective November 1, 2023, added what now appears in §4A1.1(c), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision states:

> §4C1.1. Adjustment for Certain Zero-Point Offenders
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
>    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>    (4) the offense did not result in death or serious bodily injury;
>    (5) the instant offense of conviction is not a sex offense;
>    (6) the defendant did not personally cause substantial financial hardship;
>    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>    (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>    (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>    (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Sentencing Commission determined that this change would apply retroactively. The Sentencing Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Bradshaw fails to meet the criteria for such a sentence reduction. Eligibility for a sentence reduction for zero-point offenders requires a person to have arrived at sentencing with zero criminal history points. Bradshaw had four criminal history points. Thus, he does not qualify for

a reduction under U.S.S.G. § 4C1.1 and remains in the group of offenders covered by 21 U.S.C. § 841(b)(1)(B) who must receive a mandatory minimum 120-month sentence.  Therefore, it is

ORDERED that Bradshaw's motion for sentence reduction, Doc. 250, is denied.

DATED this 18th day of January, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE